IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

     v.

SAUL CARBAJAL, also known as
"Mario Guillermo Morales
Rosa",

              Defendant.

Case No. 9 CR 1043

Judge Harry D. Leinenweber

# ORDER

Before the Court is Defendant Saul Carbajal's ("Carbajal")
Request to Correct a Clerical Error [ECF No. 20], and Motion for
a Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2) [ECF
No. 22]. For the reasons stated herein, the Request and Motion
are denied.

# STATEMENT

On May 5, 2010, Carbajal pleaded guilty to conspiring to
possess with the intent to distribute and conspiring to
distribute five kilograms or more of cocaine. That same day,
the Court sentenced Carbajal to the mandatory minimum term of
120 months' imprisonment. The Court's Sentencing Order
indicated that the 120-month term was "to run concurrently with
the prior undischarged term of imprisonment" that Carbajal was
serving in another case, *United States v. Mario Guillermo
Morales Rosa, aka Saul Carbajal,* No. 8 CR 132 (W.D. Wis.).

The Court begins with Carbajal's Request to Correct a
Clerical Error. Carbajal contends that the Court failed to
sentence him to 120 months' imprisonment and failed to grant him

credit for time served prior to May 5, 2010. Relying on sentence monitoring computation data from the Bureau of Prisons (the "BOP"), Carbajal argues that an additional "1 year 5 months and 1 day" has been added to his sentence.

Under Federal Rule of Criminal Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Carbajal does not identify any error in this Court's sentencing order, which clearly provides for a 120-month term of imprisonment, to be run concurrent with the remainder of the sentence imposed in the Western District of Wisconsin.

For completeness, the Court has reviewed the computation data Carbajal has provided, which indicates that he is serving a total term of 11 years, 2 months, and 1 day. The data also indicates that Carbajal was sentenced in the Western District of Wisconsin on March 4, 2009 — 1 year, 2 months, and 1 day before his sentencing in this District. In light of that initial term of imprisonment, the BOP's sentence calculation of 11 years, 2 months, and 1 day appears to be consistent with the Court's sentencing order, prescribing a 120-month term "to run concurrently with the prior undischarged term of imprisonment" imposed in the Western District of Wisconsin.

If Carbajal is dissatisfied with the BOP's calculation of his sentence, a request to correct a clerical error is not the appropriate avenue of relief. Instead, Carbajal should "after exhausting appropriate administrative remedies, raise such a challenge under 28 U.S.C. § 2241 in the district of confinement, not with the sentencing court." *United States v. Earvin,* No. 98-CR-69, 2009 WL 959555, at *1 (E.D. Wis. Apr. 8, 2009) (citations omitted).

The Court now turns to Carbajal's Motion for Sentence Reduction. Carbajal argues that he is entitled to a reduced sentence in light of Amendment 782 to the Sentencing Guidelines, in which the Sentencing Commission retroactively reduced guideline ranges for quantity-based drug offenses.

A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision," such as a "statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 application note 1(A); *see also, United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009) (per curiam) ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."), *overruled on other grounds by United States v. Taylor,* 778 F.3d 667 (7th Cir. 2015). Because the Court sentenced Carbajal to the mandatory minimum term of 120 months, he is not eligible for further sentence reduction.

For the reasons stated above, Carbajal's Request to Correct a Clerical Error [ECF No. 20], and Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 22] are denied.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated:1/25/2016

- 3 -